UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES PRESIDENT TRUMP,<br><br>Respondent. | Case No.   1:20-cv-01126-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>ECF No. 1<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Antoine Deshawn Barnes, III, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted).

**Discussion**

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

1  custody in violation of the Constitution or laws or treaties of the United States."

2  28 U.S.C. § 2254(a). To pass initial screening under Rule 4, petitioner must allege a violation of

3  "clearly established federal law"—meaning a violation of a U.S. Supreme Court holding. *See*

4  *White v. Woodall*, 572 U.S. 415, 419 (2014). Habeas relief is not available where a favorable

5  judgement would not "necessarily lead to [a petitioner's] immediate or earlier release from

6  confinement." *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016).

7  Petitioner seeks to patent, *inter alia*, his name, face, body, image, and "thumbs up" logo.

8  *See generally* ECF No. 1. Petitioner makes no other claims for relief. Petitioner's claim is not

9  cognizable on habeas review; he does not challenge the fact or duration of his custody, he has not

10  alleged a violation of clearly established federal law, and he has not shown that success on his

11  claim will lead to his earlier release. Accordingly, we recommend that the petition be summarily

12  dismissed.[1]

13  **Certificate of Appealability**

14  A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district

15  court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253;

16  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases

17  requires a District Court to issue or deny a certificate of appealability when entering a final order

18  adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d

19  1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds

20  without reaching the underlying constitutional claims, the court should issue a certificate of

---

[1] There are additional reasons to summarily dismiss the petition. Petitioner states that he has not exhausted his claim before the state-courts, as required by 28 U.S.C. § 2254(b)(1). ECF No. 1 at 5-6; *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). Moreover, petitioner has a different habeas petition pending before this court. *See Barnes v. CA Dept. Corrections Dir.*, No. 1:20-cv-00836-NONE-JDP (E.D. Cal. June 1, 2020). To the extent that petitioner is attempting to challenge the same conviction and raise the same claims in these petitions, the instant petition is considered second or successive. Due to the vague nature of petitioner's claims in the instant petition, we cannot, at this time, determine whether the petition is second or successive. However, in the event that petitioner is attempting to challenge the same conviction and raise the same claims in both petitions, he is forewarned that he must have leave from the Ninth Circuit Court of Appeals to proceed with such a petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Henry v. Spearman*, 899 F.3d 703, 705 (9th Cir. 2018).

appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Here, reasonable jurists would not find our conclusion debatable or conclude that petitioner should proceed further. Thus, the court should decline to issue a certificate of appealability.

**Findings and Recommendations**

We recommend that the petition be dismissed, ECF No. 1, and that the court decline to issue a certificate of appealability. We submit the findings and recommendations to the U.S. District Court judge who will be assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The assigned district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**Order**

The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

IT IS SO ORDERED.

Dated:   August 21, 2020                              _____
                                                    UNITED STATES MAGISTRATE JUDGE

No. 206.