UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>　　　　　　　Petitioner,<br><br>　　　v.<br><br>UNITED STATES PRESIDENT TRUMP,<br><br>　　　　　　　Respondent. | Case No.  1:20-cv-01126-NONE-HBK<br><br>ORDER ADOPTING WITH MODIFICATION FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 5) |

Petitioner Antoine Deshawn Barnes, a state prisoner proceeding without counsel, has petitioned the court for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner asks this court in two related claims to issue a patent for his "full name, images, face, [and] body." (*Id*. at 3.) Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, the instant federal habeas petition was referred to a United States Magistrate Judge.

On August 21, 2020, the then–assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed for failure to state a cognizable claim for federal habeas relief. (Doc. No. 5.) Those findings and recommendations concluded that there is no basis in the law for the relief requested by petitioner through a habeas petition. (*Id*. at 2.) Petitioner has not filed any objections to the findings and recommendations despite being given the opportunity to do so.

1 Pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the undersigned has reviewed this case *de novo* and finds the pending findings and recommendations to be supported by the record and proper analysis and will adopt the findings and recommendations in large part. Because petitioner had a habeas petition pending before this court (No. 1:20-cv-00836-NONE-JDP) when he filed the instant petition, this petition is treated as a motion to amend the earlier petition. *Woods v. Carey*, 525 F.3d 886 (9th Cir. 2008). The claim alleged in this action is not cognizable; therefore, the motion to amend will be denied and the petition will be dismissed.

The court must now turn to whether a certificate of appealability should be issued. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Courts should issue a certificate of appealability only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly, the court ORDERS as follows:

1. The findings and recommendations issued on August 21, 2020 (Doc. No. 5) are ADOPTED as follows;
2. The petition in this action will be treated as a constructive MOTION TO AMEND for the reasons stated above, and the motion to amend is DENIED;
3. Because the motion to amend is denied, the petition for writ of habeas corpus (Doc. No. 1) is DISMISSED;
4. The court DECLINES to issue a certificate of appealability; and

/////

/////

5. The Clerk of Court is DIRECTED to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: __**December 8, 2020**__        _/s/ Dale A. Drozd_
                                                          UNITED STATES DISTRICT JUDGE